## In Re Anonymous No. 73 D.B. 84

Disciplinary Board Docket No. 73 D.B. 84.

McDONALD, *Member,* November 13, 1985—Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d)(2)(iii), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF THE PROCEEDINGS

By order of September 7, 1984, the Supreme Court of Pennsylvania acknowledged that respondent had been convicted of two counts of mail fraud · in violation of 18 U.S.C. §1341, suspended [respondent] from the bar of this Commonwealth pursuant to Rule 214(d), Pa.R.D.E. and referred the matter to the Disciplinary Board pursuant to Rule 214(f), Pa.R.D.E. Thereafter, on October 1, 1984, the Office of Disciplinary Counsel (hereinafter petitioner) filed a petition for discipline alleging that respondent violated D.R. 1-102(A) (3) (dealing with illegal conduct involving moral turpitude), D.R. 1-102(A)(4) (dealing with conduct involving dishonesty, fraud, deceit or misrepresentation), and D.R. 1-102(A)(6) (dealing with conduct adversely reflecting upon a lawyer's fitness to practice law).

These matters were referred to Hearing Committee [ ] consisting of [ ]. A hearing was held on December 12, 1984. The report of the hearing committee was filed on June 28, 1985, recommending that respondent be disbarred.

Neither party filed exceptions to the report and recommendation of the hearing committee.

These matters came before the Disciplinary Board for adjudication on September 11, 1985.

## II. STATEMENTS OF FACTS:

Respondent, [ ], was admitted to the practice of law in 1974. He has maintained his office in [ ] County.

The record reveals a course of conduct on the part of respondent which resulted in respondent utilizing his capacity as senior claims examiner with the [A] to defraud approximately $53,000 from the federal government through the vehicle of manufac-

turing false claims. Respondent, while employed by the [A], caused checks to be drawn on the United States Treasury and payable to certain deceased [ ] widows. The checks were then sent to respondent's home address. He then endorsed the checks, deposited them to his own personal account, and used the funds for his own use and benefit. The conduct of respondent involved 26 different checks and started in June of 1980 and continued into November of 1981.

## III. DISCUSSION

There is no question that willful criminal violations were committed by respondent. He pled guilty to multiple counts of mail fraud and was given a three-year suspended sentence, placed on probation for five years, and directed to make restitution in the sum of $53,230.32. Clearly, respondent's conduct was a violation of each of the Disciplinary Rules charged. Respondent, however, has asserted several defenses in mitigation.

Respondent, an asthmatic, claims that he was emotionally ill, in part due to his asthmatic condition and the medication he was taking. He further contended that he became enraged as a result of his failure to receive a promotion which, in combination with his medication, prompted him to commit his dishonest and fraudulent acts.

The facts of this case reveal a repeated and continuing illegal conduct over approximately one and one-half years which resulted in financial gain to respondent. The alleged mitigating circumstances can not excuse conduct of that nature. Furthermore, it is noteworthy that the evidence submitted on the nexus between respondent's disease and medication therefor was less than certain. As noted by the hearing committee, the "ongoing and cumu-

lative nature of the violations that respondent engaged in are of such gravity as to warrant the most severe punishment, namely disbarment rather than suspension."

Respondent also contends that he should receive some lesser penalty since the acts committed by him, albeit dishonest, were not committed in his capacity as a lawyer. That contention is totally without merit. Respondent manufactured fraudulent claims and in effect embezzled money from his employer. Those dishonest acts are rendered no less serious from the perspective of the Disciplinary Board by the fact that they did not involve activities by a lawyer on behalf of his client. It is clear that an attorney is subject to discipline for violation of the Disciplinary Rules whether or not the act or omission occurred in the course of an attorney-client relationship. See Disciplinary Counsel v. Ewing, 496 Pa. 35, 436 A.2d 139 (1981).

## IV. FINDINGS OF FACT

The Disciplinary Board of the Supreme Court of Pennsylvania hereby adopts the following findings of fact of the hearing committee:

1. That [ ' ] respondent, was admitted to practice law in the Commonwealth of Pennsylvania in 1974.

2. That respondent, while employed by the [A] in the capacity of senior claims examiner, did direct certain checks drawn on the United States Treasury and payable to certain deceased [ ] widows, and approximating $53,000, to be sent to his home address, where he then endorsed, deposited to his own personal account and used the funds for own use and benefit, after having caused false, fictitious and fraudulent entries in the [A] records, knowing the underlying claims were false, fictitious and fraudulent.

3. That the conduct of respondent involved 26 different checks and started in June of 1980 and terminated in the first week in November of 1981, and that respondent spent approximately $48,000 or $49,000 of the misappropriated funds for his own use and benefit.

4. That it was not necessary to be a member of the Bar to be or an attorney to act, as a senior claims examiner, and respondent was not practicing law at the time of those actions, nor was he acting in the capacity of an attorney when the offenses occurred.

5. That prior to sentencing respondent paid back $8,000 of the funds misappropriated by him and is attempting to repay the remaining funds at the rate of $500 per month.

6. That respondent became enraged over his failure to receive a promotion, which the attributes as the basic cause for the conduct giving rise to his federal indictment.

7. That respondent at all times relevant hereto suffered from asthma and was taking sizable amounts of medications, including a steroid, which he also believes contributed to his conduct.

8. That respondent had never engaged in any criminal activity before the actions giving rise to his indictment, were out of character for respondent who previously, had been considered an excellent employee.

9. That respondent cooperated fully with the authorities once the offense was discovered and never attempted to conceal his actions.

10. That respondent was indicted in the United States District Court for the [    ] District of Pennsylvania on four counts of mail fraud and pleaded guilty to two counts pursuant to a plea bargaining agreement whereby the remaining counts were dismissed.

11. As a result of his guilty plea, respondent was given a three year suspended sentence, placed on probation for five years, directed to reside in and participated in the program of [   ] Treatment Center for 30 days, was fined $1,000 on each of the two counts, and directed to make restitution of the sum of $53,230.32.

12. That respondent has taken no appeal from his conviction.

## V. CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania hereby adopts the following conclusions of law of the hearing committee in this proceeding:

1. That respondent has violated D.R. 1-102(A) (3) and respondent did engage in illegal conduct involving moral turpitude.

2. That respondent violated D.R. 1-102(A)(4) in engaging in conduct involving dishonesty, fraud, deceit and misrepresentation.

3. That respondent violated D.R. 1-102(A)(6) in that he engaged in conduct which adversely reflected upon his fitness to practice law.

4. That the alleged mitigating circumstances do not excuse the severity of the misconduct.

## VI. RECOMMENDATION

The Disciplinary Board recommends to the Supreme Court of Pennsylvania as follows:

1. That respondent, [   ], be disbarred from the practice of law.

2. That respondent, [   ], shall pay all costs of these proceedings.

Messrs. Schwartzman, Mundy and Padova did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this January 9, 1986, upon consideration of the recommendation of the Disciplinary Board dated November 13, 1985, it is ordered that [Respondent] be and he is disbarred from the Bar of this Commonwealth, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.